IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MACARDELL DOBBINS,** | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    No. 3:13-cv-0450 |
| | ) |
| **UNITED STATES OF AMERICA,** | )    Judge Wiseman |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is movant Macardell Dobbins's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (ECF No. 1), which was filed along with a supporting memorandum of law (ECF No. 2). The United States has filed its response in opposition to the motion (ECF No. 7).

**I.    Factual Background and Underlying Proceedings**

Dobbins was indicted on January 21, 2009 in Case No. 3:09-cr-0016 by a federal grand jury in the Middle District of Tennessee on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count One), and one count of possessing a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Case No. 3:09-cr-0016, ECF No. 1) The case was assigned to the undersigned, and Dobbins initially retained attorney Jack Byrd to represent him. Mr. Byrd sought and was granted permission to withdraw as counsel in October 2009. Thereafter, Assistant Federal Public Defender Isaiah S. Gant was appointed to represent Dobbins.

Dobbins, through counsel, filed a motion to quash the search warrant and to suppress evidence in April 2010. After the government filed a response in opposition and an evidentiary hearing was conducted, the Court denied the motion. The case proceeded to a jury trial on June 8, 2010. On June 11, 2010, the jury convicted Dobbins on Count Two, the drug charge, but failed to reach a verdict as to Count One, the firearm charge. (Case No. 3:09-cr-0016, ECF No. 60.) The Court scheduled a new jury trial as to Count One for August 17, 2010, but on August 3, 2010, the Court granted the government's motion to dismiss Count One and vacated the trial date.

Dobbins and the government filed sentencing positions on September 27, 2010, both asserting that they had no objections to the factual content or the advisory guideline sentencing calculations set

forth in the Presentence Investigation Report ("PSR"). The PSR noted that the base offense level was 14, premised on the quantity of drugs involved in the offense of conviction, plus two points because the defendant was found to possess a weapon during the commission of the offense, for a total of 16. He was found to have 13 criminal history points, establishing a Criminal History Category VI and an offense level of 27. However, because the defendant was also considered to be a Career Offender within the meaning of U.S.S.G. § 4B1.1, and the statutory maximum penalty for the count of conviction was 30 years, the offense level was 34, and he was automatically placed in Criminal History Category VI. (Case No. 3:09-cr-0016, PSR, ECF No. 78, at 7–8, 14.) The PSR's sentencing guidelines calculation of 262 to 327 months' incarceration was based entirely on the Career Offender guideline. The government recommended a sentence within the guidelines range. At the sentencing hearing conducted on October 4, 2010, however, the Court found the guidelines range to be excessive and varied downward substantially, ultimately sentencing Dobbins to a prison term of 144 months plus six years of supervised release. (Case No. 3:09-cr-0016, ECF No. 75.)

Dobbins appealed his conviction, and the Sixth Circuit affirmed on May 14, 2012. *United States v. Dobbins*, 482 F. App'x 35 (6th Cir. 2012). Dobbins filed the instant motion under § 2255 on May 13, 2013.

## II.    The § 2255 Motion

In his motion, Dobbins raises two claims of ineffective assistance of counsel:

(1) that he was deprived of his right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution, when his attorney "permitted" the government to dismiss the gun charge "that was later used for [sentence] enhancement purposes," because "had counsel requested re-trial the likelihood would have been that defendant could have been found completely not guilty and could not have been enhanced" (ECF No. 1, at 2); and

(2) that he was deprived of his right to effective counsel as a result of his attorney's failure to "effectively investigate[] defendant's prior conviction" (*id.*), which would have revealed that the plea agreement in one of the convictions upon which his career-offender status was premised did not identify the specific drug amount involved and did not specify whether the controlled substance at issue was crack cocaine or powder cocaine.

Shortly after Dobbins's § 2255 motion was filed, this Court entered an order (ECF No. 3) directing the respondent to answer, plead, or otherwise respond to the motion. Rule 5, Rules Gov'g § 2255 Cases. The government has filed its answer, asserting that Dobbins is not entitled to relief on any of the grounds asserted. (ECF No. 7.)

### III. Standard of Review

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

As a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," *United States v. Frady*, 456 U.S. 152, 168 (1982) (citations omitted), or demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel, however, is not subject to the procedural-default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal. *Id.*

### IV. Whether a Hearing Is Required

A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)). Thus, "no hearing is required if

the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon consideration of the original motion and supporting memorandum, the government's response and the underlying factual record, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion as the law and justice require. Rule 8(a), Rules Gov'g § 2255 Cases.

**V.     Analysis and Discussion**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, *Missouri v. Frye*, --- U.S. ----, 132 S. Ct. 1399, 1404 (2012); and this right applies to "all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citation omitted). To make out a claim of ineffective assistance of counsel, the movant must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

In *Strickland*, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance . . . , [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

Moreover, in evaluating the prejudice prong, courts must be mindful that "[i]t is not enough for the

defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To establish that counsel's performance was deficient under *Strickland*, a petitioner "must identify acts that were 'outside the wide range of professionally competent assistance.'" *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 690). In evaluating whether a petitioner has received counsel that falls short of what the Sixth Amendment guarantees to a defendant, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986) (quoting *Strickland*, 466 U.S. at 690).

As noted above, as grounds for his motion to vacate his conviction and sentence, Dobbins generally alleges that: (1) his trial counsel failed to oppose the government's motion to dismiss Count One and failed to move for a new trial subsequent to the jury's "acquittal" on Count One[1]; and (2) counsel failed effectively to investigate the defendant's prior conviction, resulting in an unwarranted sentence enhancement.

### A.     *Ground One: Counsel's Alleged Failure to Demand a New Trial as to Count One*

The jury was unable to reach a verdict as to Count One of the Indictment, which charged Dobbins with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dobbins contends that his attorney was ineffective for failing either to demand a new trial on Count One or to oppose the government's motion to dismiss Count One. He insists that, if he had been retried on that count, he could have been found not guilty, in which case, he claims, his sentence could not have been enhanced by

---

[1] The defendant was not acquitted of Count One; instead the jury was unable to reach a verdict as to that count.

possession of a firearm. Dobbins asks the Court to remand and vacate the enhancement.

As an initial matter, the Court finds that even if Dobbins's counsel had objected to the government's motion to dismiss Count One or had filed his own motion to proceed to trial on that charge, the Court would have granted the government's motion to dismiss. Accordingly, Dobbins was not prejudiced by defense counsel's purported failure to oppose the government's motion to dismiss.

Moreover, as set forth above, Dobbins's advisory guidelines range was not in any sense predicated on the 2-level enhancement for possession of a firearm during the commission of the offense. Instead, the advisory guidelines range was reached based solely on a finding that Dobbins was a career offender within the meaning of U.S.S.G. § 4B1.1(a). He therefore started with an offense level of 34 under U.S.S.G. § 4B1.1(b)(B) and a Criminal History Category of VI. The offense level of 34 plus Criminal History Category of VI yielded an advisory guidelines range of 262–327 months. In sum, the firearms enhancement had no effect on the guidelines range reached in the PSR and recommended by the government. More importantly, the two-level enhancement had no effect on the actual sentence. The Court varied substantially from the advisory guidelines range and sentenced Dobbins to 144 months' imprisonment, roughly half the sentence recommended by the government. Thus, removing the two level enhancement would not have had any effect on his sentence.

Because Dobbins has not carried his burden of showing either that his counsel's performance was deficient or that he was prejudiced by any purported deficiency on the part of his defense attorney, he is not entitled to relief on the basis of this claim.

### B.    *Ground Two: Counsel's Alleged Failure to Investigate a Prior Conviction*

Dobbins alleges that if his attorney had effectively investigated Dobbins's prior state-court conviction, Dobbins would not have been classified as a Career Offender. Dobbins appears to be referring to one of the two state-court felony convictions on which his career-offender status under U.S.S.G. § 4B1.1(a) was premised, described in the PSR as a conviction for "Possession of Cocaine for Resale, a Class B felony, in Williamson County Circuit Court, Franklin, Tennessee (Case No. I-1296-405)."[2] (PSR, at 8.) Dobbins insists that if his attorney had investigated this conviction, he would have

---

[2] Dobbins refers to this conviction as Case Number 129405, which the Court presumes to be a typographical error.

discovered that there was no indication in the plea agreement as to whether the substance involved in the charge was crack cocaine or powder cocaine, or as to the amount of drugs at issue. (ECF No. 2, at 3.)

As the government points out, however, the Tennessee statute under which Dobbins was convicted does not distinguish between crack and powder cocaine, and does not require proof of a specific quantity of the controlled substance. Rather, under Tenn. Code Ann. § 39-17-417, the manufacture, delivery, sale, or possession of "point five (.5) grams or more of any substance containing cocaine" is a Class B felony. Tenn. Code Ann. § 39-17-417(b). Any additional "investigation" into this prior conviction would not have had any effect on the conclusion that the conviction qualified as a predicate drug felony for purposes of Dobbins's classification as a career offender. This claim too is utterly without merit.

**VI.     Conclusion**

For the reasons set forth herein, the Court concludes that Dobbins is not entitled to the relief sought. His motion will therefore be denied and this matter dismissed.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court must, at the time of entry of the final order denying relief, either issue or deny a certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Perkins v. McQuiggin*, 670 F.3d 665, 668 (6th Cir. 2012). A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed." *Id.* at 337. Courts should not issue a COA as a matter of course. *Id.*

Under this standard, the Court finds that the movant has failed to make a substantial showing of the denial of a constitutional right with regard to any of the grounds for relief set forth in his motion and supporting memorandum of law. The Court will therefore decline to issue a COA.

An appropriate order is filed herewith.

_____
Thomas A. Wiseman, Jr.
United States District Judge